UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 DEC -3  PM 2: 49

CLERK

BY_____
DEPUTY CLERK

JAMES T. BURKE,                                )
                                              )
          Plaintiff,                          )
                                              )
     v.                                       )     Case No. 2:15-cv-22
                                              )
STATE OF VERMONT and VERMONT                  )
DEPARTMENT OF CORRECTIONS,                    )
                                              )
          Defendants.                         )

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**
(Docs. 9, 20, & 22)

This matter came before the court for a review of the Magistrate Judge's August
21, 2015 Report and Recommendation ("R & R"), in which he recommended that the
court grant the Fed. R. Civ. P. 12(b)(6) motion to dismiss filed by Defendants State of
Vermont and Vermont Department of Corrections (collectively, "Defendants"). (Doc. 9.)
Plaintiff James T. Burke opposes the motion. Neither party has filed an objection to the
R & R, and the time period to do so has expired.

Plaintiff's 42 U.S.C. § 1983 claims stem from an alleged incident that occurred on
November 3, 2012 at Corrections Corporation of America's ("CCA") Lee Adjustment
Center ("LAC") in Beattyville, Kentucky, where Plaintiff was then serving his criminal
sentence. Plaintiff alleges that certain items of his property were stolen from his cell and
seeks $2,500.00 in compensatory damages, $2,500.00 in punitive damages, and $500.00
in costs. Plaintiff further requests that the court order injunctive relief requiring that
"Defendant at CCA/LAC" be required "to open the Rec. Yard like they use[d] to do" as
well as an "injunction against CCA/LAC Staff" ordering them to follow policies
protecting inmates' property. (Doc. 4 at 18.) Plaintiff additionally requests $5,000.00 in
sanctions because Defendants' attorney allegedly failed to serve him with Defendants'

motion and submitted a "p[e]rjury[-]infested" certificate of service. (Doc. 20 at 1.) On July 13, 2015, Plaintiff was transferred from LAC to the Northlake Correctional Facility in Baldwin, Michigan.

In their motion, Defendants seek dismissal of Plaintiff's Complaint, asserting Plaintiff's claims for monetary damages against them in their official capacities are barred by the doctrine of sovereign immunity and because, without a viable federal claim, this court lacks subject matter jurisdiction over Plaintiff's remaining state law claims. As an alternate basis for dismissal, Defendants contend that the doctrine of res judicata bars Plaintiff's Complaint because a final judgment regarding the same subject matter issued on September 18, 2014 by the Lee Circuit Court in Beattyville, Kentucky, docket number 13-CI-00067.[1] Plaintiff opposes the motion to dismiss, identifying twenty-seven causes of action in his opposition and explaining why dismissal should not be granted.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his eighteen page R & R, the Magistrate Judge carefully analyzed Plaintiff's claims and determined that they are barred by the doctrine of sovereign immunity such that Plaintiff cannot obtain money damages from Defendants. In addition, the Magistrate Judge concluded that res judicata bars Plaintiff's litigation in this matter based on the final decision issued by the Lee Circuit Court, and because Plaintiff's current action

---

[1] On January 5, 2015, the Washington County Superior Court, docket number 538-10-14 Wnsc, dismissed Plaintiff's small claims case seeking reimbursement for the same items based on the November 3, 2012 incident on res judicata grounds.

involves the same subject matter that he raised in that litigation as well as the same parties or parties in privity. With respect to Plaintiff's claims for injunctive relief, the Magistrate Judge recommended dismissal because Plaintiff is no longer housed at LAC and thus those claims are moot. *See Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) ("It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility").

The Magistrate Judge further recommended that the court deny Plaintiff's request for sanctions because Plaintiff failed to comply with Vermont Local Rule 7(a), which states that "[t]he court will not consider any motion unless it contains the word 'motion' in the title." In addition to this reasoning, there appears to be no factual or legal basis upon which sanctions could be awarded. *See* Fed. R. Civ. P. 11(c)(2) (describing the procedures that must be followed by a party seeking sanctions).

Although Plaintiff did not object to the Magistrate Judge's recommendation that dismissal be granted, a brief opportunity to file an Amended Complaint, as recommended by the Magistrate Judge, is nonetheless consistent with Second Circuit precedent. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (advising district court should not dismiss a *pro se* filing "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated") (internal quotation marks omitted); *see also Boykin v. KeyCorp*, 521 F.3d 202, 216 (2d Cir. 2008) (ruling "even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases"). This court therefore finds the Magistrate Judge's decision well-reasoned and adopts the R & R and its recommendations in its entirety.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R as the court's Opinion and Order, GRANTS Defendants' motion to dismiss (Doc. 9), and DISMISSES this case without prejudice. Plaintiff's request for sanctions is hereby DENIED. (Doc. 20.)

3

Plaintiff is hereby GRANTED thirty (30) days from the date of this Order to file an Amended Complaint.  Any amended filing shall be entitled "Amended Complaint" and shall consist of numbered paragraphs containing short and plain factual allegations, a short and plain statement of each legal claim Plaintiff asserts, and a clear and concise statement of the relief requested.  Fed. R .Civ. P. 8(a) (listing required contents of a pleading that states a claim for relief).  In the Amended Complaint, Plaintiff must allege all claims and name all defendants that Plaintiff intends to include, as the Amended Complaint will supersede the original Complaint in all respects.  Failure to do so shall result in the dismissal of all claims with prejudice.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this *3rd* day of December, 2015.

Christina Reiss, Chief Judge
United States District Court