UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

James T. Burke,

    Plaintiff,

    v.                                          Civil Action No. 2:15-cv-22-cr-jmc

State of Vermont and
Vermont Department of Corrections,

    Defendants.

### REPORT AND RECOMMENDATION
(Doc. 28)

Plaintiff James T. Burke, an inmate in the custody of the Vermont Department of Corrections (DOC), brings this action *pro se* pursuant to 42 U.S.C. § 1983 against Defendants the DOC and the State of Vermont. During the relevant period, Burke was incarcerated at the Lee Adjustment Center (LAC) in Beattyville, Kentucky.[1] Burke claims that Defendants violated his rights in connection with the alleged theft or destruction of his personal property[2] by fellow inmates at the LAC on November 3, 2012.

Pending before the court is Defendants' Motion to Dismiss Burke's Amended Complaint. (Doc. 28.) For the reasons explained below, I recommend that the Motion be GRANTED, with prejudice, and without leave to amend.

---

[1] In July 2015, while this case was pending, Burke was transferred from LAC to the Northlake Correctional Facility in Baldwin, Michigan. (*See* Doc. 21.)

[2] The claimed stolen or damaged property includes but is not limited to: an Xbox gaming console and controller, coffee and tea bags, pasta sauce, lotion, cough drops, postage stamps, glue, a laundry bag, a box of cereal, grated cheese, and a sweatshirt. (*See* Doc. 26 at 10.)

**Procedural and Factual Background**

I. **Procedural Background**

Burke filed his original Complaint in this case on March 5, 2015. (Doc. 4.) Thereafter, the court granted Defendants' Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), on the principal grounds that the action was barred by the doctrine of res judicata based on a final decision against Burke issued by Kentucky's Lee Circuit Court. (Doc. 22 at 9–15, Doc. 25 at 2–3.) The court also found that Burke's claims for injunctive relief were moot because Burke was no longer housed at the LAC. (Doc. 22 at 15, Doc. 25 at 3.) The court denied Burke leave to amend "[his] equal-protection and negligence claims stemming from the November 3, 2012 incident, all of Burke's claims for money damages against Defendants, [and] Burke's requests for injunctive relief" (Doc. 22 at 15), but granted leave to amend for a limited purpose, stating as follows: "by naming different defendants, or with the addition of enhanced factual allegations, Burke may be able to state a plausible claim" (*id.* at 16).

On December 15, 2015, Burke filed an Amended Complaint. (Doc. 26.) Thereafter, Defendants filed the pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 28), and Burke filed an opposition (Doc. 32). In the meantime, Burke also filed a "Motion for a Preventive Injunction Against Carol Callia" (Doc. 27), which has been addressed in a separate Opinion and Order.

II. **Relevant Facts**

The relevant facts, taken from Burke's original Complaint and from court filings and decisions from which the court has taken judicial notice, are summarized in detail in

2

the court's August 21, 2015 Report and Recommendation regarding Defendants' initial Motion to Dismiss (*see* Doc. 22 at 2–6), which has been adopted "in its entirety" in the court's December 3, 2015 Opinion and Order (*see* Doc. 25 at 3). Because Burke's Amended Complaint does not add any new or relevant facts, they are not summarized again here.

## Analysis

I recommend that Defendants' Motion to Dismiss be granted on the same grounds explained in the court's August 2015 Report and Recommendation and December 2015 Opinion and Order. (*See* Docs. 22, 25.) Burke's Amended Complaint pleads the same causes of action as pled in the original Complaint and names the same Defendants. (*Compare* Docs. 4 and 26.) The only additions are Paragraphs 1–7 and 36–50, which consist of mostly legal argument and a few conclusory allegations. (*See* Doc. 26 at 1–3, 15–18.) For example, in newly added Paragraph 4, Burke alleges that his Amended Complaint "is NOT at all legally barred by the 'so called[] doctrin[e] of res judicata,' as a few exceptions legally appl[y] in this case to the application of res judicata in [section] 1983 cases[.]" (*Id.* at 2.) And in newly added Paragraph 38, Burke alleges that Defendants "have clearly violated [his] 14th [and 1st] Amendment [r]ights." (*Id.* at 15.) In newly added Paragraph 40, Burke states: "Both res judicata doctrine exceptions clearly appl[y] here and have all along" (*id.* at 16), and in newly added Paragraph 43, Burke states: "Defendant[]s in this case[] have clearly been unlawfully depriving [Burke] of his equal protection clause rights under BOTH the . . . Kentucky Consti[tution] . . . and also the [14th] Amendment to the U.S. Consti[tution]" (*id.* at 17).

Clearly, these claims and the other new material contained in the Amended Complaint, do not constitute "enhanced factual allegations," as contemplated by the court in granting leave to amend the original Complaint. (Doc. 22 at 16.) Moreover, Burke has not added any new defendants or viable theories of liability. In his opposition to Defendants' Motion to Dismiss, Burke essentially admits his failure to add any new material in the Amended Complaint, stating that the court's August 2015 Report and Recommendation "attempted to instruct [him] to name Defendant[]s that don't exist, and to state 'enhanced' factual allegations[] that had al[]ready been stated to the fullest extent of the law with a not[a]rized affidavit based on personal[] knowledge." (Doc. 32 at 1.) The Amended Complaint also increases the amount of compensatory damages claimed from $2,500 to $11,000 (*see* Doc. 4 at 18; Doc. 26 at 1, 18), despite the court's statement in its August 2015 Report and Recommendation that, "to the extent that Burke desires to amend his Complaint to assert a higher damage claim against Defendants, leave to so amend should be denied" (Doc. 22 at 15 n.9 (citation omitted)), because such pleading would cure neither the claim-preclusion bar nor sovereign immunity's bar on money damages against Defendants (Doc. 22 at 15; *see* Doc. 25 at 3).

For these reasons, the rationale provided in the court's August 2015 Report and Recommendation (Doc. 22) and December 2015 Opinion and Order (Doc. 25) still apply. Although, as noted in those prior decisions, leave to amend is freely granted, particularly with a *pro se* complaint, in this case it would be futile, especially given that Burke's Amended Complaint makes no substantive changes or additions to the original Complaint.

## Conclusion

Accordingly, I recommend that Defendants' Motion to Dismiss Burke's Amended Complaint (Doc. 28) be GRANTED, with prejudice, and without leave to amend.

Dated at Burlington, in the District of Vermont, this 28th day of March, 2016.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).