UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 JUN 15 AM 11: 57

CLERK

BY _____
DEPUTY CLERK

JAMES T. BURKE,

Plaintiff,

v.                                             Case No. 2:15-cv-22

STATE OF VERMONT and
VERMONT DEPARTMENT OF
CORRECTIONS,

Defendants.

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 28, 39)

This matter came before the court for a review of the Magistrate Judge's March 28, 2016 Report and Recommendation ("R & R") (Doc. 39), wherein the Magistrate Judge recommends that the court grant the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by the State of Vermont and the Vermont Department of Corrections (collectively, "Defendants"). (Doc. 28.) No party has filed an objection to the R & R, and the deadline for doing so passed on April 11, 2016. The court took this matter under advisement thereafter.

At all times relevant to the original Complaint and the Amended Complaint, Plaintiff James T. Burke was an inmate in the Defendants' custody and control and incarcerated at Corrections Corporation of America's ("CCA") Lee Adjustment Center ("LAC") in Beattyville, Kentucky. On July 13, 2015, Plaintiff was transferred from LAC to the Northlake Correctional Facility ("NCF") in Baldwin, Michigan.

On March 5, 2015, prior to his transfer, Plaintiff filed his original Complaint, in which he alleged claims arising from two separate incidents at LAC. In the first incident, on November 3, 2012, another Vermont inmate at LAC allegedly stole or destroyed approximately $800 of Plaintiff's personal property. Plaintiff claims that LAC staff was

negligent in allowing the theft to occur, and that CCA's subsequent offer to reimburse him $50 violated the Equal Protection Clause because it offered more money to reimburse other inmates whose property was stolen or damaged. In the second incident, on January 22, 2015, LAC staff allegedly lost Plaintiff's personal property following a search of his cell. Plaintiff further alleged that LAC had been "forced" to place a staff member in each housing unit at all times, and the staff retaliated by refusing to open the recreational yard. (Doc. 4 at 4.) As relief, Plaintiff sought $5,500 in monetary damages, an order directing CCA and LAC to open the recreational yard, and an injunction requiring LAC staff to follow policies regarding inmate property.

On August 21, 2015, the Magistrate Judge recommended dismissal of Plaintiff's original Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because his claims for monetary damages against Defendants were barred by sovereign immunity, and because Plaintiff's claims for injunctive relief regarding the recreational yard and LAC's inmate property practices were moot because of his transfer to NCF. Citing an October 8, 2014 decision of the Lee Circuit Court in Kentucky dismissing Plaintiff's claims relating to the November 3, 2012 incident "with prejudice[,]" (Doc. 9-4 at 1), the Magistrate Judge further concluded that those claims were barred by the doctrine of res judicata. Plaintiff was granted limited leave to amend his Complaint for the purpose of naming additional defendants and supplementing his factual allegations. On December 3, 2015, this court adopted the Magistrate Judge's August 21, 2015 Report and Recommendation in its entirety as its Opinion and Order.

On December 15, 2015, Plaintiff timely filed an Amended Complaint, asserting twenty-seven causes of action and raising the same claims as his original Complaint against the same Defendants. In addition, Plaintiff increased the monetary amount he seeks and advanced legal arguments in support of his claims. Defendants seek dismissal of Plaintiff's Amended Complaint, arguing that Plaintiff has not asserted any new factual allegations, defendants, or theories of liability to cure the deficiencies identified in his original Complaint. Plaintiff opposes the motion to dismiss, contending that his original Complaint set forth sufficient facts because it incorporated "a [notarized] affidavit based

2

on personal[]knowledge." (Doc. 32 at 1.) Plaintiff also contends that the Amended Complaint raised the amount in controversy to $22,000 in order to "resolve" any issue regarding the court's jurisdiction. *Id.*

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his five page R & R, the Magistrate Judge carefully analyzed Plaintiff's Amended Complaint, and determined that Plaintiff raised the same claims as alleged in his original Complaint against the same defendants. The Magistrate Judge opined that the new allegations, set forth in paragraphs one through seven and thirty-six through fifty, primarily consisted of legal arguments and conclusory allegations.[1] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). As noted by the Magistrate Judge, Plaintiff made no additional factual allegations that cured the defects in his original Complaint.

In addition, the Magistrate Judge noted that Plaintiff sought increased monetary damages in the Amended Complaint, despite the court's warning that leave to amend would be denied to the extent that Plaintiff sought greater damages against Defendants because no set of facts can overcome their sovereign immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (noting that lawsuits in federal court

---

[1] Paragraphs thirty-nine through fifty of the Amended Complaint are under the heading "Argument[,]" in which Plaintiff cites statutes and cases in support of his claims. (Doc. 26 at 15.)

seeking monetary damages against a state or one of its agencies or departments are "proscribed by the Eleventh Amendment[.]"). "District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted." *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012). The Magistrate Judge thus recommended dismissal of the Amended Complaint for the same reasons stated in the court's December 3, 2015 Opinion and Order.

The Magistrate Judge further recommended that leave to amend be denied as futile because Plaintiff made no substantive changes or additions to the original Complaint. Although the court ordinarily grants self-represented litigants leave to amend, it need not do so when "better pleading will not cure" the deficiencies identified in the Complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Because "there is no reason to think that a valid claim might be stated," further leave to amend is not appropriate in this case. *Annis v. Vt. Prosecutors*, 568 F. App'x 9, 10 (2d Cir. 2014).

The court agrees with the Magistrate Judge's recommendations and finds them well-reasoned. The court therefore adopts the R & R in its entirety.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 39) as the court's Opinion and Order. Defendants' motion to dismiss (Doc. 28) is GRANTED. Plaintiff's Amended Complaint is therefore DISMISSED. SO ORDERED.

Dated at Burlington, in the District of Vermont, this 15th day of June, 2016.

Christina Reiss, Chief Judge
United States District Court

4